### In the Matter of Jacob A. ATANGA.
### No. 49S00–9702–DI–154.

Supreme Court of Indiana.

Aug. 29, 2001.

### ORDER REVOKING RESPONDENT'S PROBATION and IMPOSING SUSPENSION

On June 14, 2001, the Indiana Supreme Court Disciplinary Commission, pursuant to Ind.Admission and Discipline Rule 23(17.2), filed a *Verified Motion to Revoke the Respondent's Probation*, therein stating that the respondent failed to abide by the probationary terms conditional to his stayed period of suspension as imposed by this Court's order of October 24, 2000, which approved the parties' conditional agreement resolving eight counts of attorney misconduct committed by the respondent. *Matter of Atanga*, 736 N.E.2d 1244

(Ind.2000). In response, on July 11, 2001, this Court issued an order directing the respondent to show cause why his probation should not be revoked to suspension. Despite being afforded an extension of time to respond to the order to show cause,[1] the respondent has failed to provide a substantive response.

Pursuant to the conditional agreement for discipline underlying this Court's October 24, 2000 order, the respondent and the Commission agreed that the appropriate sanction for the misconduct leading to that resolution was a six-month suspension from the practice of law without automatic reinstatement. The suspension was stayed to a two-year period of probation, with the stay contingent on the respondent's compliance with various terms conditions, including the following:

> That from and after the date of his signature on [the conditional agreement] through 730 days after the effective date of an order approving [the] agreement, the respondent shall obtain and maintain professional liability insurance for claims made against him and after the effective date of the insurance policy.

> That the Respondent shall prepare and submit to his Supervising Attorney a quarterly (three month) report detailing without designation by name, clients, nature of representation, actions taken on behalf of each client, fees charged, pending work, scheduled hearings, and litigation status. Such reports shall be presented to the Supervising Attorney no later than ten (10) days following the end of each quarter.

The conditional agreement provided further that additional professional misconduct by him or a violation of the terms of probation would be grounds for rescinding the stay of the six-month suspension and activating the respondent's six-month suspension from the practice of law, without automatic reinstatement.

And this Court, being duly advised, now finds that the respondent has failed to abide by the terms of his probation as ordered in this Court's October 24, 2000 order. Specifically, the respondent has failed to demonstrate that he has prepared and submitted to his supervising attorney quarterly reports detailing actions taken on behalf of each of his clients, fees charged, pending work, scheduled hearings, and litigation status. The respondent also failed to provide evidence of professional liability insurance coverage until July 18, 2001, after the Commission filed its motion to revoke probation. Finally, the respondent has failed to cooperate with the disciplinary process by failing to respond to a subpoena *duces tecum* issued by the Commission on February 7, 2001. In light of the respondent's failure to abide by the conditions of his probation, we now find that his probation should be revoked to suspension.

IT IS, THEREFORE, ORDERED that the probation of the respondent, Jacob A. Atanga, is hereby revoked. Accordingly, the respondent is suspended from the practice of law for a period of not fewer

---

1. We note that on August 14, 2001, four days after this Court's August 10, 2001, deadline for responding, the respondent's counsel filed a "Notice," therein stating that counsel had been unable to contact the respondent and requesting an unspecified further extension of time to respond. On August 24, 2001, the respondent, by counsel, filed a "Second Motion for Extension of Time," therein stating that the respondent was out of the state serving in the Army Reserves from August 5 until August 18, 2001, and that he therefore was unable to respond. Both requests for extension of time were untimely. We note further that this Court's order of July 26, 2001, granting the respondent an extension until August 10, 2001 to respond stated that no further extension would be granted. We also note that, despite the respondent's call to duty with the Army Reserves, he could have advised his counsel of his whereabouts at any time between August 5 and August 10, 2001. In light of all of these considerations, we deny the August 24, 2001, motion for extension of time.

than six (6) months, effective October 1, 2001, at the conclusion of which any reinstatement will be conditioned upon his successful petition before this Court pursuant to Ind.Admission and Discipline Rule 23(4).

The Clerk of this Court is directed to forward notice of this Order to the respondent and his attorney, to the Indiana Supreme Court Disciplinary Commission, and to all other entities as provided in Admis.Disc.R. 23(3)(d).

All Justices concur.